IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-10389
Summary Calendar
_____

ANTHONY LIONEL GIBSON,

Plaintiff-Appellant,

versus

BILL LONG, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 3:97-CV-1384-H
_____

September 14, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Anthony Lionel Gibson, Texas prisoner #695684, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint with

prejudice under 42 U.S.C. § 1915(e) as frivolous.  We have reviewed

the record and Gibson's brief, and find no reversible error.

Although couched in terms of civil rights violations, Gibson's

claim arises from his state court habeas proceedings.  Under the

Rooker-Feldman[1] doctrine, he may not attempt to invalidate his

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and
District of Columbia Court of Appeals v. Feldman, 460 U.S. 462
(1983).

state court judgment in federal court.  See <u>Liedtke v. State Bar of Texas</u>, 18 F.3d 315, 317 (5th cir. 1994).  Furthermore, Gibson's challenge to a specific state habeas proceeding fails to raise a constitutional question cognizable in federal habeas corpus proceedings.  See <u>Nichols v. Scott</u>, 69 F.3d 1255, 1275 (5th Cir. 1995).  Accordingly, the district court did not abuse its discretion by dismissing Gibson's complaint as frivolous, and the judgment is AFFIRMED.  See <u>Sojourner T v. Edwards</u>, 974 F.2d 27, 30 (5th Cir. 1992) (court may affirm judgment on any basis supported by the record).

A F F I R M E D.